UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

JESUS GONZALEZ

    Plaintiff,
vs.

TACO BELL OF AMERICA, LLC
d/b/a Taco Bell #2936,

    Defendant.
    _____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Taco Bell of America, LLC ("Defendant") doing business as Taco Bell #2936 for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendant is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

1

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant Taco Bell of America, LLC. is a subsidiary of Taco Bell Corporation, which is itself a subsidiary of Yum! Brands, Inc., which is based in Louisville, Kentucky. Yum! Brands, Inc. is an American corporation listed on the NYSE and is on the S&P 500 component. Yum! Brands Inc. operates fast food brands KFC, Pizza Hut, The Habit Burger Grill, WingStreet, and Taco Bell. Defendant is the owner and operator of the Taco Bell #2936 fast food restaurant located at the edge (but still within) Central Shopping Plaza, with specific address being 710 NW 37th Avenue, Miami, Florida 33125.

## FACTS

6. Taco Bell brand fast food restaurants are open to the public and specialize in Mexican style fast food. Each Taco Bell fast food restaurant (including the Taco Bell #2936 restaurant which is the subject of this instant action) is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2) since it is "a restaurant, bar, or other establishment serving food or drink." Taco Bell #2936 restaurant is also referenced as "Taco Bell," "restaurant" or "place of public accommodation."

7. Defendant has been leasing the southeast corner of Central Shopping Plaza and operating its Taco Bell #2936 restaurant within that leased space. At all times material

hereto the subject Taco Bell restaurant is and has been open to the public. As the owner and operator of a restaurant which is open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a supermarket; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

8. Due to the close proximity of Plaintiff's home to the Central Shopping Plaza, on February 18, 2022 Plaintiff went to the Taco Bell restaurant located at the edge of Central Shopping Plaza to purchase a meal and to test for compliance with the ADA/ADAAG.

9. Due to the fact that he perambulates with the assistance of a wheelchair, when Plaintiff was perambulating to the restaurant, Plaintiff met barriers to access due to the uneven parking service of the assessable parking spaces and while testing/dining within the restaurant, Plaintiff had occasion to use the restroom and while in the restroom encountered multiple areas of inaccessibility.

10. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by Defendant and as a result Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

11. Defendant is well aware of the ADA and the need to provide for equal access in all areas of its fast food restaurants. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its Taco Bell #2936 restaurant is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

12. Plaintiff continues to desire to patronize and/or test the Taco Bell restaurant within the Central Shopping Plaza but continues to be injured in that he continues to be

discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

13. Any and all requisite notice has been provided.

14. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

## **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

15. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

16. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

17. Prior to the filing of this lawsuit, Plaintiff personally visited the Taco Bell restaurant at the Central Shopping Plaza to enjoy a meal and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

4

18. Defendant has discriminated (and continues to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

19. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Taco Bell restaurant located within Central Shopping Plaza.

20. Defendant is governed by the ADA and must be in compliance therewith. Defendant has discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

21. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

22. The Taco Bell #2936 restaurant is in violation of 42 U.S.C. §12181 *et seq.*, the ADA and 28 C.F.R. §36.302 *et seq.* and Defendant is (and has been) discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. Plaintiff had difficulty exiting the vehicle, as the designated accessible parking spaces are located on an excessive slope due to uneven surface caused by lack of maintenance. Failure to provide accessible means of egress from the accessible

parking spaces located within the specific Taco Bell parking space section of the larger commercial property is a violation of 2010 ADA Standards for Accessible Design Sections 207.1 (general compliance with building codes), 502.4 and Section 403.3. Section 403.3 states that the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope shall not be steeper than 1:48 and Section 403.4 which requires change in slope to comply with Section 303, wherein Section 303.4 requires changes in level greater than ½ inch shall be ramped.  As for slope of the parking spaces themselves, Section 502.4 states that parking spaces shall comply with Section 302 Changes in level are not permitted. Defendant is also in violation of Section 4.6.3 of the ADAAG which states that parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions.

ii. Within the Taco Bell restaurant there are permanently designated interior spaces without proper signage, as the men's accessible restroom sign is mounted on the hinge side of the door, violating Section 4.1.3(16) and Section 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards for Accessible Design.

iii. Plaintiff had difficulty opening the restroom door, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open.  This is violative Section 4.13.11 and other sections of the ADAAG. The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. The 2010 ADA Standards for Accessible Design Section 404.2.7 states that operable parts on doors and gates must comply with Section 309.4, and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be

    adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum.

iv. Plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. This is a violation of Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design states that toilet compartment doors shall be self-closing.  This is also a violation of Sections 4.17.5 and 4.13.10 of the ADAAG.  Section 4.17.5 states that toilet door hardware must comply with Section 4.13, and Section 4.13.10 states that door closers must take at least 3 seconds to move to a point of 3" from the latch.

v. Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 of the 2010 ADA Standards for Accessible Design which states that water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

vi. Plaintiff could not transfer to the toilet without assistance, as the toilet seat (water closet) does not have the required height to the top of the seat. This is a violation of Section 4.16.3 of the ADAAG which states that the height of water closets shall be 17 in to 19 in (430 mm to 485 mm), measured to the top of the toilet seat, as depicted at Fig. 29(b) of that section.  This is also a violation of Section 604.4 of the

    2010 ADA Standards for Accessible Design which states the same dimensions as Section 4.16.3 are required for mounting of toilet seats.

vii. Plaintiff was exposed to a cutting/burning hazard at the lavatory sink inside the accessible stall which does not have completely wrapped bottom sink pipes, therefore there is no proper insulation protecting users of that sink against the plumbing pipes under the sink. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

viii. Plaintiff could not use the lavatory mirror inside the accessible stall as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards for Accessible Design which states that mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finished floor or ground and mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finished floor or ground.

ix. Plaintiff was exposed to a cutting/burning hazard at the lavatory sink outside the stall which does not have completely wrapped / wrapped bottom sink pipes due to lack of maintenance. As with section (vii), this is a violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards for Accessible Design.

    x.    Plaintiff could not use the lavatory mirror outside the accessible stall as this lavatory mirror is also mounted too high, which is (again as with section (viii)) in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards for Accessible Design.

23.    Pursuant to 42 U.S.C. §12101et seq. and 28 C.F.R. §36.304, Defendant has been required to make its Taco Bell #2936 restaurant accessible to persons with disabilities since January 28, 1992. Defendant has failed to comply with this mandate.

24.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant located therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant Taco Bell of America and requests the following relief:

    a)    The Court declare that Defendant has violated the ADA;

    b)    The Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities,

    c)    The Court enter an Order requiring Defendant to alter its Taco Bell #2936 restaurant and the adjoining parking lot therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

    d)    The Court award reasonable costs and attorneys fees; and

    e)    The Court award any and all other relief that may be necessary and appropriate.

9

Dated this 4th day of April 2022.

                                                Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*